CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Isabel Rose Masanque, Esq., SBN 292673
Sara Gunderson, Esq., SBN 302582
Chris Carson, Esq., SBN 280048
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
isabelm@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Renato Rico**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**Manijeh Tabatabai**, in individual and representative capacity as trustee of The Jahangiri Family Revocable Trust dated October 1, 2002; **Continental Currency Services, Inc.**, a California Corporation;<br><br>　　　　Defendants. | **Case:** 2:19-CV-00271-JFW-SS<br><br>**Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law**<br><br>Date:　November 18, 2019<br>Time:　01:30 p.m.<br>Ctrm:　7A |

　　　Plaintiff Renato Rico submits this statement of uncontroverted facts, together with references to supporting evidence, in support of his motion for summary judgment against the Defendants Manijeh Tabatabai and Continental Currency Services, Inc. ('Defendants').

| Pl.'s SUF No. | Facts | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff Renato Rico is a | • Ex. 2 (Decl. Rico.) |

1

| | | |
|---|---|---|
| | paraplegic. He cannot walk and uses a wheelchair for mobility. | ¶ 2.<br>• Ex. 9 (Defendant Continental Currency Services, Inc.'s Resp. to Pl.'s Req. for Admiss.) No. 18.<br>• Ex. 10 (Defendant Manijeh Tabatabai's Resp. to Pl.'s Req. for Admiss.) No. 18. |
| 2. | The Continental Currency Services ('Continental Currency Services') is located at or about 2400 E. Florence Avenue, Huntington Park, California. | • Ex. 2 (Decl. Rico.) ¶ 4.<br>• Ex. 9 (Defendant Continental Currency Services, Inc.'s Resp. to Pl.'s Req. for Admiss.) No.'s 5 & 7.<br>• ECF No. 13 (Answer by Defendants), ¶¶ 4 & 5. |

2

| | | |
|---|---|---|
| 3. | Defendant Manijeh Tabatabai, is, and was in December 2018, the owner of the real property on which the Continental Currency Services is located. | • ECF No. 13 (Answer by Defendants), ¶¶ 2 & 3.<br>• Ex. 10 (Defendant Manijeh Tabatabai's Resp. to Pl.'s Req. for Admiss.) No.'s 4 & 6. |
| 4. | Defendant Continental Currency Services, Inc., is, and was in December 2018, the owner and operator of the Continental Currency Service. | • ECF No. 13 (Answer by Defendants), ¶¶ 4 & 5.<br>• Ex. 9 (Defendant Continental Currency Services, Inc.'s Resp. to Pl.'s Req. for Admiss.) No.'s 5 & 7. |
| 5. | The Continental Currency Services is a business establishment and a place of public accommodation. | • ECF No. 13 (Answer by Defendants), ¶ 11. |

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 | 6. | On December 21, 2018, December 28, 2018, December 29, 2018 and December 31, 2018 Mr. Rico went to the Continental Currency Services to cash checks and send money. | • Ex. 2 (Decl. Rico.) ¶ 4. |
| 8 9 10 11 12 13 14 15 | 7. | During each visit, he found that although there were several transaction counter windows, customers were only being helped on one side of the store. The other windows had signs that said "NEXT WINDOW PLEASE." | • Ex. 2 (Decl. Rico.) ¶ 6. |
| 16 17 18 19 20 21 | 8. | When it was Mr. Rico's turn to be helped, he approached the transaction counter where he was being summoned by the teller and found that it was too high for his use. | • Ex. 2 (Decl. Rico.) ¶ |
| 22 23 24 25 26 27 28 | 9. | Mr. Rico observed a transaction counter window on the other side of the store that had a lowered writing surface. However, like the other transaction counters on that side, it had a sign that said "NEXT WINDOW PLEASE." | • Ex. 2 (Decl. Rico.) ¶ |

| | | | |
|---|---|---|---|
| | 10. | On at least one occasion, Mr. Rico asked the teller helping him if they could use the window with the lowered writing surface but he was told that the window was closed. | • Ex. 2 (Decl. Rico.) ¶ 9. |
| | 11. | Even if Mr. Rico were to have used the counter with the lowered writing surface, he would have still needed to reach up to the higher counter to exchange paperwork and money with the teller. | • Ex. 2 (Decl. Rico.) ¶ 13. |
| | 12. | During his December visits, Mr. Rico was not aware of the existence of a lowered transaction counter where he could be helped. He did not see one anywhere in the store. | • Ex. 2 (Decl. Rico.) ¶ 10. |
| | 13. | During each of Mr. Rico's visits, the person helping him did not inform me or ask him if he wanted to be helped at a lowered counter. | • Ex. 2 (Decl. Rico.) ¶ 10. |
| | 14. | Not having a lowered counter that he could use makes it difficult for Mr. Rico to conduct | • Ex. 2 (Decl. Rico.) ¶ 11. |

| | | |
|---|---|---|
| | | my transaction because reaching up high causes him to lose his balance. | |
| | 15. | Not having a lowered writing surface also makes it difficult for him to sign the paperwork for his transaction. | • Ex. 2 (Decl. Rico.) ¶ 12. |
| | 16. | On January 8, 2019, Evens Louis, an investigator for the Plaintiff, conducted an investigation of the Continental Currency Services. | • Ex. 5 (Decl. Louis) ¶¶ 3-6.<br>• Ex. 6 (Photos by Louis). |
| | 17. | During his investigation, he measured the transaction counters to be 42 inches high. | • Ex. 5 (Decl. Louis) ¶¶ 5. |
| | 18. | During his investigation, he also observed a lowered section in front of one of the transaction counters. | • Ex. 5 (Decl. Louis) ¶ 6.<br>• Ex. 6 (Photos by Louis), pp. 7-8. |
| | 19. | On the date of his investigation, Mr. Louis did not see a teller at the window with the lowered | • Ex. 5 (Decl. Louis) ¶ 6.<br>• Ex. 6 (Photos by |

| | | |
|---|---|---|
| | section. | Louis), pp. 7-8. |
| 20. | On July 24, 2019, Plaintiff's expert, Paul Bishop, conducted a site inspection of the Continental Currency Services. | • Ex. 7 (Bishop Report), p. 1. |
| 21. | On the day of Mr. Bishop's site inspection, he was shown a lowered transaction counter located behind a secured door. When asked, an employee unlocked the door via a buzzer and allowed them inside. | • Ex. 7 (Bishop Report), p. 6. |
| 22. | Beyond the secured door he observed a lowered counter at 30 and ½ inches above the floor. | • Ex. 7 (Bishop Report), p. 6. |
| 23. | There was no signage on the outside of this door that indicated an accessible transaction counter was beyond the door or how to reach the accessible transaction counter. | • Ex. 7 (Bishop Report), p. 6. |
| 24. | The lowered counter inside this room also did not include a point of sale machine. | • Ex. 7 (Bishop Report), p. 6. |

Plaintiff's Motion for Summary Judgment                                                          Case: 2:19-CV-00271-JFW-SS

| 25. | The Continental Currency Services is located just 10 miles away from Mr. Rico's home. It is also in close proximity to other restaurants and places that he frequents around town. Therefore, it is a convenient place for him to cash checks and send money. | • Ex. 2 (Decl. Rico.) ¶ 16. |
|---|---|---|
| 26. | Mr. Rico is currently deterred from visiting the Continental Currency Services because of his knowledge of the condition of the counters. | • Ex. 2 (Decl. Rico.) ¶ 17. |
| 27. | Mr. Rico intends to return there once it is represented to him that the barriers have been allegedly removed. | • Ex. 2 (Decl. Rico.) ¶ 17. |

Based upon the foregoing Statement of Uncontroverted Facts, this Court should make the following **Conclusions of Law**:

1. Plaintiff Renato Rico is a person with a disability under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m).

2. As an owners and operator of a place of public accommodation, Defendants are the responsible parties under Title III of the ADA. 42 U.S.C. § 12182(a).

3. Defendants have an obligation under the ADA to ensure that its facility is accessible to persons with disabilities, which responsibility includes removing barriers to access where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv).

4. Because writing surface and transaction counters are one of the facilities, privileges and advantages made available to customers at the Continental Currency Services, Defendants must provide accessible writing surface and transaction counters. 1991 Standards § 4.1.3(12)(b); 1991 Standards § 4.3.3.

5. Because Defendants failed to provide an accessible transaction counter, they presented a barrier to access because the barrier was readily achievable to remedy. Thus, the Defendants violated the Plaintiff's rights to full and equal access under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

6. Because Defendants violated the Plaintiff's rights under the ADA, they also violated the Plaintiff's rights under the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

7. Because the Plaintiff personally encountered and experienced difficulty with the violation, the Plaintiff is entitled to recover the statutory penalty of $4,000 per Defendant. Cal. Civ. Code §§ 52(a); 55.56(a)&(b).

8. Plaintiff intends to visit the Continental Currency Services often, because it is close proximity to his home. However, he will continue to face the same discriminatory practices until

Defendants are required to modify its policies to maintain the accessibility of the writing surface and transaction counters. 42 U.S.C. § 12188(a)(2); C.F.R. § 32.111.

9. The Plaintiff's rights were violated under the ADA and the Unruh Civil Rights Act and the Plaintiff is entitled to recover the statutory penalty of $4,000 per Defendant and to obtain an Order from the Court directing Defendants to provide and maintain the accessibility of the transaction counters.

Dated: October 21, 2019          CENTER FOR DISABILITY ACCESS

                                 By: */s/ Isabel Rose Masanque*
                                 Isabel Rose Masanque
                                 Attorneys for Plaintiff