**PAUL L. BISHOP**
**ARCHITECT**

16 August 2019

Mark Potter
Potter Handy, LLP
PO Box 262490
San Diego CA 92196-2490

Re:   Rico v. Tabatabai Expert Opinions
      2400 East Florence Avenue
      Huntington Park, California

Dear Mark:

You have requested that my firm review materials provided in connection with the case known as (Case No.: 2:19-CV-00271-JFW-SS) (the "Action") and inspect portions of the facility known as Continental Currency Services, Inc. located at 2400 East Florence Avenue, Huntington Park, California (the "Facility"). Based on the inspection of the Facility you have asked that I render an opinion as to the accessibility of specified portions of the Facility and further opine as to what steps I believe might be taken to remove barriers to people with disabilities. Finally, you have asked that I opine on whether the recommendations I have made for barrier removal are the types of matters that would generally be considered "readily achievable" under the Americans with Disabilities Act of 1990. Pursuant to your instructions, on July 24, 2019, I conducted an on-site inspection of certain interior public use portions of the Facility. Specifically, I inspected the interior transaction counter. Additionally, I have reviewed the Complaint dated January 9, 2019 and your investigator's field notes and photographs dated January 8, 2019.

In rendering the opinions and analyses set forth herein, I am relying upon my experience in the field of disabled accessibility compliance, my experience as a Certified Access Specialist and my knowledge and experience as a licensed architect. Additionally, I have relied on my general knowledge of applicable federal and State statutes, regulations, and guidelines as well as pronouncements issued by the United States Department of Justice ("DOJ") (or other agencies) concerning the interpretation and application of relevant statutes and regulations. Without limiting the forgoing, I have reviewed all relevant provisions of Part 2 of Title 24 of the California Code of Regulations commonly referred to as the California Building Code (CBC) and the Americans with Disabilities Act regulations set forth in 28 CFR part 36 and the appendices; as those regulations have been amended. I have also reviewed the technical requirements contained in the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and the successor document, the 2010 Americans with Disabilities Act Standards ("ADAS").

**FINDINGS AND OPINIONS**

Mark Potter
Re:     Rico v. Tabatabai
        2400 East Florence Avenue
        Huntington Park, California
16 August 2019
Page 2

**Extent of obligations under the "Readily Achievable" standard of Title III of the ADA.**

Subsequent to my site inspection of the Facility, I evaluated the extent of modifications that would be necessary to bring the non-compliant conditions that I observed in the interior public portions of the Facility into compliance with current State and federal design standards for New Construction and hence full accessibility. Following that evaluation, I formulated my opinions as to whether or not I believe it is likely that the removal of identified barriers would be "readily achievable" under the ADA. As you are aware, the ultimate determination that the removal or remediation of a barrier is "readily achievable" is a legal determination. However, I can opine on whether certain sort of remedies or alterations that I suggest would be generally considered to be difficult or involve extensive restructuring; including a determination of rough budget estimates for the remedies I suggest.

The readily achievable obligation to remove barriers in existing facilities is found in Section 36.304 of the ADA Title III regulations and states:

> *Section 36.304 Removal of Barriers*
> *(a) General. A public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.*

The determination as to whether or not removal of a specific barrier is readily achievable depends on an evaluation of a number of considerations. The definition of readily achievable is found in Section 36.104 of the ADA Title III regulations and states:

> *Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include--*
>     *(1) The nature and cost of the action needed under this part;*
>     *(2) The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation; including crime prevention measures; or the impact otherwise of the action upon the operation of the site;*
>     *(3) The geographic separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity;*
>     *(4) If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and*
>     *(5) If applicable, the type of operation or operations of any Parent Corporation or entity, including the composition, structure, and functions of the workforce of the*

Mark Potter
Re:  Rico v. Tabatabai
     2400 East Florence Avenue
     Huntington Park, California
16 August 2019
Page 3

>     *parent corporation or entity.*

So, as noted above, that the definition of "readily achievable" involves an analysis of whether the barrier removal in question is easily accomplishable and able and can be carried out without much difficulty or expense. One of the issues in the analysis, as stated, is expense. However, the ultimate cost to remove a specific barrier, is not the sole consideration as to whether or not a barrier removal is readily achievable; the standard requires consideration of other factors. One of these factors is the extent of the difficulty that would be involved in removing the barrier.

The definition of readily achievable as set forth in section 36.104 of 28 CFR part 36 also requires that the totality of the size and nature of the business under examination (including its parents, subsidiaries and other related affiliates) be taken into account when making a readily achievable analysis. So, the financial wherewithal of the owners and operators of a public accommodation usually comes into play and therefore the conclusions that I have drawn are limited to determining whether I believe that the remediation of barriers observed is objectively burdensome or require what I believe to be burdensome efforts or substantial restructuring. I am not qualified to give an opinion as to the financial wherewithal of the owners and operators of the Facility; which, in my opinion, is ultimately a legal determination.

### Application of the ADA Technical Requirements for Barrier Removal

28 CFR 36.304 (d) *Relationship to alterations requirements of subpart D of this part* states:

>     *(1) Except as provided in paragraph (d)(3) of this section, measures taken to comply with the barrier removal requirements of this section shall comply with the applicable requirements for alterations in § 36.402 and §§ 36.404 through 36.406 of this part for the element being altered.*
>
>     *§ 36.406 Standards for new construction and alterations.*
>     *(a) Accessibility standards and compliance date.*
>
>     *(3) New construction and alterations subject to §§ 36.401 or 36.402 shall comply with the 2010 Standards if the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.*

Therefore, assuming barrier removal is considered readily achievable, it should be performed to the requirements of the 2010 ADAS if the work commences after March 15, 2012. Since it is

Mark Potter
Re:   Rico v. Tabatabai
      **2400 East Florence Avenue**
      **Huntington Park, California**
16 August 2019
Page 4

apparent from my review of the available documents and my site inspection that any barrier removal work to be performed at the Facility will occur after March 15, 2012, all of that work must comply with the 2010 ADAS. If the requirements of the CBC are more stringent than that of the ADAS, then they shall supersede ADAS as regards the recently completed work.

**Specific Analysis of the Accessible Parking & Transaction Counter at the Examined Portions of the Facility.**

In analyzing the areas under observation, I compared recorded site conditions with the requirements of the 2010 ADAS as well as the predecessor regulations known as the Americans with Disabilities Act Accessibility Guidelines as set forth in the Code of Federal Regulations as set forth in 28 CFR part 36 (Appendix A) (the "ADAAG"). The ADAAG standards still apply to barrier removal work completed prior to March 15, 2012; provided that the barrier removal was conducted in compliance with the ADAAG. The mere fact that the regulations changed with the passage of time does not require the owner or operator of a public accommodation to meet the 2010 ADAS, even if the 2010 ADAS is more stringent than the ADAAG. However, if barriers were not removed in compliance with the 1991 ADAAG on or before March 15, 2012, then when those barriers are removed they should be analyzed under the 2010 ADAS and, unless otherwise exempted, all remediation must meet the standards of the 2010 ADAS.

In conducting my site inspection at the Facility, I utilized a standard construction tape measure and a digital camera.

**Observations**

1. General / Rico Complaint & Facility Description

   The Facility is a retail currency service located in a freestanding building on the corner of a property with other business establishments. Parking is shared by the various business establishments on the property. Continental Currency Services offers such services such as payday loans and check cashing.

   The Complaint indicates that your client visited the Facility in December of 2018 and encountered a lack of an accessible writing surface. He encountered a writing surface near the front door that was 42" above the floor. The investigators' field notes and photographs taken during his January 8, 2019 visit confirm the conditions that your client encountered but also indicated that a lowered counter was provided at 34" above the floor.

Mark Potter
**Re:    Rico v. Tabatabai
       2400 East Florence Avenue
       Huntington Park, California**
16 August 2019
Page 5



*Photo #1:  Satellite image of Facility courtesy of Google Maps*

The Complaint also indicates that although the lowered section of counter was provided, transactions between the customer and employees take place at the higher counter.

2. Interior Path of Travel

When I visited the Facility on July 24, 2019, I observed that most of the employees are located behind a secured area that is separated from the customer by a low wall with security glazing above.  A 42" high counter extends around the perimeter of this secured space.  At the Southwest corner of this secured space is a 34" high counter that is located below a section of the 42" high counter on the customer side.  Although the lowered counter is provided as a writing surface, the higher counter contains a deal tray below the security glazing where documents such as checks can be passed back and forth from the employee to the customer.  On top of the higher counter are a couple of Point of Sale (POS) devices, where customers can insert a credit/debit card and conduct a range of other financial transactions via the POS keypad.  Based upon where these elements are provided, I would consider the higher counter to be the transaction counter and the lowered counter to be nothing more than a writing surface.

Mark Potter
Re:   Rico v. Tabatabai
      2400 East Florence Avenue
      Huntington Park, California
16 August 2019
Page 6



*Photo #2: Lowered section of counter on July 24, 2019*

On the day of my site inspection defense counsel pointed out to me that an accessible counter was provided behind a secured door. This secured door was located slightly South of the lowered counter and when asked, an employee unlocked the door via a buzzer and allowed us inside. Beyond the secured door I observed a lowered counter at 30-1/2" above the floor that had a deal tray. There was no signage on the outside of this door that indicated an accessible transaction counter was beyond the door or how to reach the accessible transaction counter. The lowered counter inside this room also did not include a POS.

Mark Potter
Re:    Rico v. Tabatabai
       2400 East Florence Avenue
       Huntington Park, California
16 August 2019
Page 7



*Photo #3: Lowered counter and adjacent transaction counter on July 24, 2019*



*Photo #4: Door leading to lowered transaction counter on July 24, 2019*

Mark Potter
Re:    **Rico v. Tabatabai**
       **2400 East Florence Avenue**
       **Huntington Park, California**
16 August 2019
Page 8



*Photo #5: Lowered transaction counter beyond secured door on July 24, 2019*

### Application of Standards

1. General

As the reasons stated above, I believe that the current conditions of the interior path of travel features that I observed and measured at the Facility should be compared with the standards set forth in the 2010 ADAS, since any corrective work to be performed will take place after March 15, 2012. If the corresponding requirements of the California Building Code (CBC) are more stringent, then any barrier removal must comply with the currently enforceable 2016 CBC.

2. Interior Path of Travel

Per ADAS 227.3, a minimum of one sales or service counter must comply with ADAS 904.4, which requires a minimum 36" long counter that is no higher than 36" above the floor. CBC 11B-904.4 is more stringent and requires that the lowered section of counter be no higher than 34" above the floor.

Although there is a lowered transaction counter located inside the secured area that provides a deal tray, there is no signage outside the door to inform customers with disabilities that this feature is available. In fact, when your client visited the Facility in December 2018, he was not informed of the accessible counter or how to access the

Mark Potter
Re:   Rico v. Tabatabai
      2400 East Florence Avenue
      Huntington Park, California
16 August 2019
Page 9

counter, even though he was using a wheelchair. Although the ADAS does not contain a specific requirement for directional signage indicating the location of an accessible transaction counter when not all counters are accessible, it is logical to conclude that such signage is required by implication.

Since the ADAS requires such directional signage for features such as entrances, parking, toilets, etc. when not all of those features are accessible, it can be assumed that the intent of these requirements is to inform and direct people with disabilities to the accessible feature when their existence is not apparent. I believe this to be exactly the case at this Facility, where an accessible feature was provided but hidden from the view of customers. Compliance with the intent of the ADA at the Facility would only require a sign adjacent to the door to the lowered counter that read "Accessible Counter – ask staff for assistance" The sign should also include an International Symbol of Accessibility (ISA). The cost for such a sign would be no more than $200.

The barrier described above represented a barrier to your client during his visit, as well as other customers with disabilities who may request services at the Facility.

All the opinions set forth herein are based on the training and experience as well as the observations and materials that I have listed herein. I reserve the right to alter or modify the opinion set forth herein based on any further documents that I am presented during the course of this Action.

Sincerely,

Paul L. Bishop, Architect
C11203
Certified Access Specialist No. 044 (expires 4/22/2021)

SOURCES

In the preparation of this report I reviewed and considered the following sources:

1. Complaint for Damages and Injunctive Relief for Violations of Americans with Disabilities Act; Unruh Civil Rights Act; United States District Court for the Central District of California. Case No. 2:19-CV-00271-JFW-SS
2. Federal Register, July 26, 1991, 28 CFR Part 36 *Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities,* Final Rule, US Department of Justice
3. Field Notes and Photographs by Investigator Evens Louis dated January 8, 2019