1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James S. Link (SBN 94280)
Baraban & Teske
215 N. Marengo, 3rd Floor
Pasadena, CA 91101
(626) 440-9882
(626) 440-9393 (fax)
james.s.link@att.net

Attorney for Defendants Manijeh Tabatabai, in individual and representative capacity as trustee of The Jahangiri Family Revocable Trust dated October 1, 2002 and Continental Currency Services, Inc., a California Corporation

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Renato Rico,

        Plaintiff,

v.

Manijeh Tabatabai, in individual and representative capacity as trustee of The Jahangiri Family Revocable Trust dated October 1, 2002; Continental Currency Services, Inc., a California Corporation; and Does 1-10,

        Defendants.

Case No.: 2:19-CV-00271-JFW-SS

**Response to Request For Admissions**

PROPOUNDING PARTY:  Plaintiff

RESPONDING PARTY:  Defendant Continental Currency Services, Inc.

SET NUMBER:  One

      It should be noted that responding party has not fully completed the investigation of the facts relating to this case, has not fully completed discovery in this action and has not fully completed preparation for trial. All of the responses contained herein are based only upon such information and documents which are

1

JUL 1 0 2019

1    presently available to and specifically known and disclose only those contentions

2    which presently occur to such responding party. It is anticipated that further

3    discovery, independent investigation, legal research and analysis will supply

4    additional facts, and meaning to the known facts, as well as establish entirely new

5    factual conclusions and legal contentions, all of which may lead to substantial

6    additions to, changes in, and variations from the contentions herein set forth. The

7    following responses are given without prejudice to responding party's right to

8    produce evidence of any subsequently discovered facts which this responding party

9    may later recall. Responding party accordingly reserves all rights under the Federal

10   Rules of Civil Procedure to change any and all answers herein as additional facts are

11   ascertained, analysis is made, legal research is completed and contentions are made.

12   The responses contained herein are made in a good faith effort to supply as much

13   factual information and as much specification of legal contentions as is presently

14   known but should not prejudice responding party in relation to further discovery,

15   research or analysis

16

17   Request Number 1

18        Admit that there have been ALTERATIONS to the SUBJECT PROPERTY

19   subsequent to January 26, 1992, and before September 15, 2010.

20   Response

21        Objections:  This request is irrelevant to the subject matter of this action in

22   which readily achievable is not an issue.  Plaintiff testified at deposition that the

23   lowered check writing surface and lowered transaction counter existing on the

24   premises at the time of his visits was at the correct height and usable by him.

25   Plaintiff further testified that the lowered check writing surface and transaction

26   counter in the alcove area were useable and appeared to be at the correct height.  The

27   issue in this action is the claim by plaintiff that he was not offered the use of the

28   lowered check writing surface or lowered counter.  Alternatively, plaintiff seems to

2

Response to Request For Admissions

1   claim that the window with the lowered check writing surface and the lowered

2   counter had to be manned at all times.  The issues in this action do not concern the

3   physical features of Continental Currency.  Rather, the issues appear to concern

4   policy and practice.

5

6   Request Number 2

7       Admit that there have been ALTERATIONS to the SUBJECT PROPERTY

8   subsequent to September 15, 2010, and before March 15, 2012.

9   Response

10      Objection:  This request is irrelevant to the subject matter of this action in

11  which readily achievable is not an issue.  Plaintiff testified at deposition that the

12  lowered check writing surface and lowered transaction counter existing on the

13  premises at the time of his visits was at the correct height and usable by him.

14  Plaintiff further testified that the lowered check writing surface and transaction

15  counter in the alcove area were useable and appeared to be at the correct height.  The

16  issue in this action is the claim by plaintiff that he was not offered the use of the

17  lowered check writing surface or lowered counter.  Alternatively, plaintiff seems to

18  claim that the window with the lowered check writing surface and the lowered

19  counter had to be manned at all times.  The issues in this action do not concern the

20  physical features of Continental Currency.  Rather, the issues appear to concern

21  policy and practice.

22

23  Request Number 3

24      Admit that there have been ALTERATIONS to the SUBJECT PROPERTY

25  subsequent to March 15, 2012.

26  Response

27      This request is irrelevant to the subject matter of this action in which readily

28  achievable is not an issue.  Plaintiff testified at deposition that the lowered check

Response to Request For Admissions

1  writing surface and lowered transaction counter existing on the premises at the time

2  of his visits was at the correct height and usable by him.  Plaintiff further testified

3  that the lowered check writing surface and transaction counter in the alcove area

4  were useable and appeared to be at the correct height.  The issue in this action is the

5  claim by plaintiff that he was not offered the use of the lowered check writing

6  surface or lowered counter.  Alternatively, plaintiff seems to claim that the window

7  with the lowered check writing surface and the lowered counter had to be manned at

8  all times.  The issues in this action do not concern the physical features of

9  Continental Currency.  Rather, the issues appear to concern policy and practice.

10

11  Request Number 4

12      Admit that on the DATE OF INCIDENT, YOU were the owner of the

13  property located at 2400 E. Florence Avenue, Huntington Park, California.

14  Response

15      Deny.

16

17  Request Number 5

18      Admit that on the DATE OF INCIDENT, YOU were the owner and operator

19  of Continental Currency Services located at or about 2400 E. Florence Avenue,

20  Huntington Park, California.

21  Response

22      Admit.

23

24  Request Number 6

25      Admit that YOU are the owner of the property located at 2400 E. Florence

26  Avenue, Huntington Park, California.

27  Response

28      Deny.

4

Response to Request For Admissions

1

2 Request Number 7

3      Admit that YOU are the owner and operator of Continental Currency Services

4 located at or about 2400 E. Florence Avenue, Huntington Park, California.

5 Response

6      Admit.

7

8 Request Number 8

9      Admit that on the DATE OF INCIDENT, the SUBJECT PROPERTY was not

10 ACCESSIBLE to wheelchair users.

11 Response

12      Deny.

13

14 Request Number 9

15      Admit that currently the SUBJECT PROPERTY is not ACCESSIBLE to

16 wheelchair users.

17 Response

18      Deny.

19

20 Request Number 10

21      Admit that Plaintiff Renato Rico visited the SUBJECT PROPERTY in

22 December 2018.

23 Response

24      Defendant admits plaintiff visited the subject property on December 21, 28

25 and 29, 2018.

26

27 Request Number 11

28      Admit that on the DATE OF INCIDENT, there was no ACCESSIBLE writing

Response to Request For Admissions

1  surface at the SUBJECT PROPERTY.

2  Response

3       Deny.

4

5  Request Number 12

6       Admit that on the DATE OF INCIDENT, the writing surface located near the

7  front door at the SUBJECT PROPERTY was more than 34 inches above the finish

8  floor.

9  Response

10       Deny.

11

12  Request Number 13

13       Admit that on the DATE OF INCIDENT, Plaintiff Renato Rico had to sign his

14  documents on his lap at the SUBJECT PROPERTY.

15  Response

16       Deny.

17

18  Request Number 14

19       Admit that on the DATE OF INCIDENT, there was no ACCESSIBLE

20  transaction counter at the SUBJECT PROPERTY.

21  Response

22       Deny.

23

24  Request Number 15

25       Admit that on the DATE OF INCIDENT, the transaction counter at the

26  SUBJECT PROPERTY was more than 36 inches in height.

27  Response

28       Deny.

Response to Request For Admissions

Request Number 16

Admit that on the DATE OF INCIDENT, there was no ACCESSIBLE lowered transaction counter at the SUBJECT PROPERTY.

Response

Deny.


Request Number 17

Admit that YOU do not use the lowered section in front of the higher transaction counter at the SUBJECT PROPERTY for conducting transactions.

Response

Deny.


Request Number 18

Admit that Plaintiff is DISABLED.

Response

Admit.


Date: July 8, 2019

_____
James S. Link
Counsel for Defendants

7

Response to Request For Admissions

PROOF OF SERVICE

    I, James S. Link, am an attorney licensed to practice law in California, having State Bar No. 94280. I am not a party to this action. My business address is 215 N Marengo, 3rd Floor, Pasadena, California, 91101.

    On the date set forth below, I also served the within Response to Request For Admissions on the interested parties in said action by personally placing a true and correct copy thereof, enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States Postal Service Box at 215 N. Marengo, Pasadena, California, addressed as follows:

Center For Disability Access
Mark D. Potter
Phyl Grace
Jennifer McAllister
Mail: P.O. Box 262490
San Diego, CA 92196-2490


    I am aware that on motion of any party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the declaration.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 8, 2019

JAMES S. LINK

8

Response to Request For Admissions